Joseph M. WILLIAMS, Jr., Plaintiff,

v.

ENCOMPASS, Defendant.

No. 5:96–CV–563–BR3.

United States District Court,
E.D. North Carolina,
Western Division.

June 20, 1997.

Joseph M. Williams, Jr., Hillsborough, NC, pro se.

Andrew B. Cohen, Moore & Van Allen, Durham, NC, Agnes M. Schipper, Durham, NC, for Defendant.

## ORDER

BRITT, District Judge.

This case is before the court on Encompass's motion for summary judgment.

### I. *Background*

Plaintiff is a 47–year–old male who was hired by Encompass in December 1993 and discharged less than a year later on 28 November 1994. (Am.Compl.¶¶ 5, 7.) Plaintiff's amended complaint alleges (1) that Encompass discharged him in violation of the Age Discrimination in Employment Act ("ADEA") and in retaliation for filing an EEOC charge of age, race, and sex discrimination and (2) that Encompass engaged in activity violative of the Americans with Disabilities Act ("ADA"). By order dated 30 October 1996, this court granted Encompass's motion to dismiss plaintiff's ADA claim and those portions of plaintiff's complaint alleging that he was fired in retaliation for filing race and sex discrimination charges. Encompass now moves for summary judgment on plaintiff's remaining claims of age discrimination and retaliation for filing an EEOC charge of age discrimination.

### II. *Discussion*

Summary judgment is appropriate where there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

The ADEA prohibits employers from discriminating against employees on the basis of age. 29 U.S.C. § 623(a)(1) (1985). In order to prove an ADEA claim, an employee may proceed under ordinary principles of proof using direct or indirect evidence or under the paradigm set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817,

36 L.Ed.2d 668 (1973). *Tuck v. Henkel Corp.,* 973 F.2d 371, 374–75 (4th Cir.1992), *cert. denied,* 507 U.S. 918, 113 S.Ct. 1276, 122 L.Ed.2d 671 (1993). In this case, there is no direct or indirect evidence of discrimination; thus, the court will analyze plaintiffs claim under the *McDonnell Douglas* formula.

Under the *McDonnell Douglas* proof scheme, the employee must first establish a *prima facie* case of age discrimination. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824. The burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for its employment decision. *Id.* If the employer successfully counters the *prima facie* case, the employee is afforded an opportunity to demonstrate that the employer's stated reason for its action was in fact pretext. *Id.* at 804, 93 S.Ct. at 1825.

■ Assuming but not deciding that plaintiff can establish a *prima facie* case of age discrimination, Encompass has articulated a legitimate reason for plaintiff's termination. Specifically, Encompass has offered evidence indicating that plaintiff was terminated as part of a reduction in force ("RIF") necessitated by lower than expected revenues. According to Encompass:

> The decision to have a reduction in force in the fourth quarter 1994 was necessitated by revenue forecasts for 1995. The revenue forecast for 1995 was for $1 million or 60 percent of what the plan had been for in 1994. Given the significantly lower anticipated revenues, the company needed to further reduce its work force to lower expenses.

(Stow Aff. ¶ 12.) Additionally, defendant has presented evidence indicating that the decision to terminate plaintiff's position was based on non-discriminatory factors. (Reese Dep. at pp. 44–46 (discussing factors considered in determining to eliminate plaintiff's position).)

Thus, to survive summary judgment, plaintiff must demonstrate that Encompass's explanation is mere pretext. "To make this demonstration, the employee must show that as between the plaintiff's age and the defendant's explanation, age was the more likely reason for the dismissal, or that the employ-er's proffered explanation is simply unworthy of credence." *Tuck,* 973 F.2d at 375 (quotation omitted).

As a preliminary matter, the court notes that few of the allegations contained in plaintiff's memorandum are supported by any evidence at all; plaintiff, of course, cannot survive summary judgment by relying on unsupported charges.

Plaintiff asserts that the RIF was not economically justified because company revenues were increasing at the time the reduction was accomplished. This argument cannot succeed. Encompass's evidence indicates that the RIF was necessary to lower expenses in the face of lower than expected revenues. (Stow Aff. ¶ 12.) The fact that revenues actually were increasing, even if true, does not undercut defendant's explanation for the RIF. Significantly, plaintiff does not challenge Encompass's evidence establishing that forty-four more employees were laid off in January 1997, that an additional eighty-one employees were laid off in February 1997, and that the company is scheduled to close operations by August 1997. (*Id.* ¶¶ 13–14.)

Plaintiff also argues that he was performing well in his job and was more qualified at performing computer testing functions than Mary Ellen Christian, a younger employee who was not terminated. These facts, even if true, do not establish that Encompass's reason for plaintiff's termination was pretext. Encompass does not argue that plaintiff was laid off because he was unqualified or that he was a less qualified tester than other employees who were not laid off. Rather, Encompass based its termination decision on other factors including but not limited to departmental priorities, (Reese Dep. at pp. 44–45), and stability of the software being tested. (*Id.* at pp. 45–46) Thus, plaintiff's assertions do not undercut defendant's proffered reason for its termination decision. Finally, and significantly, the court notes that in an ADEA case, it matters not whether the employer's decision was "right;" it matters only whether the employer's decision was impermissibly based on age.

■ Plaintiff's claim of retaliation for filing an EEOC charge fails because he cannot establish the requisite causal connection between the filing of his EEOC complaint and his termination. *See Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985) (to establish *prima facie* case of retaliation, employee must show that there is a causal connection between the protected activity and the adverse action), *abrogated on other grounds, Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). The only "evidence" presented by plaintiff in support of the causal connection is the fact that he was terminated "very shortly after" filing his EEOC complaint. (Pl.'s Mem. in Opp'n to Summ. J. at 4.2.1.) This "evidence" is woefully insufficient, particularly in light of defendant's evidence that Rick Poff and Jeff Reese, the two employees involved in the decision to terminate plaintiff, did not even know about plaintiff's EEOC complaint when they made the termination decision.[1] *See Ross,* 759 F.2d at 365 n. 9 ("if the employer did not know of the protected activity a causal connection to adverse action cannot be established"). At his deposition, Reese was asked: "Were you aware of an EEOC complaint before Mr. Williams was terminated?" (Reese Dep. at p. 76.) He responded: "No." (*Id.*) Similarly, Poff only became aware of plaintiff's EEOC complaint after he decided plaintiff was to be terminated. (Poff Dep. at pp. 12–13.) In fact, the context in which Poff became aware of the complaint is ironic, given plaintiff's allegations. After Poff decided to terminate plaintiff, Encompass's Human Resources Department informed him that plaintiff had filed an EEOC complaint and asked whether, in light of the complaint, Poff still wanted to follow through with his decision. (*Id.* at p. 12.) Thus, plaintiff's EEOC complaint, if anything, appears to have given Poff pause to terminate plaintiff, not incentive.

■ Finally, plaintiff argues that summary judgment should not be granted because he requires further discovery. Fed.R.Civ.P.

56(f) "permits a court to deny summary judgment or to order a continuance if the non-movant shows through affidavits that it could not properly oppose a motion for summary judgment without a chance to conduct discovery." *Evans v. Technologies Applications & Serv. Co.,* 80 F.3d 954, 961 (4th Cir.1996). The Fourth Circuit

> place[s] great weight on the Rule 56(f) affidavit, believing that a party may not simply assert in its brief that discovery was necessary and therefore overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit.

*Id.* (quotation omitted).

In this case, plaintiff has not filed a Rule 56(f) affidavit. Although he is proceeding *pro se,* there can be no question that plaintiff was aware of the requirements of Rule 56(f) as that very rule is quoted on the first page of his memorandum opposing Encompass's motion for summary judgment. (Pl.'s Mem. in Opp'n to Summ. J. at p. 1.) Plaintiff's bare allegations that he lacks discovery is insufficient to compel a denial of Encompass's motion for summary judgment.

For the reason discussed above, defendant's motion for summary judgment on plaintiff's age discrimination and remaining retaliation claim is GRANTED and this case is DISMISSED.

---

1. In fact, plaintiff seems to concede that Poff was not aware of the complaint. (Pl.'s Mem. in Opp'n to Summ. J. at 4.2.1 ("Failure of John Stow/Rick Widin to inform Rick Poff of EEOC complaint....").)